CARL VOIGT AND OTHERS, RESPONDENTS, v. MARTHA BROWN, APPELLANT.

*Liability of a married woman on a note — when determined by the laws of the State where the contract is made, and not by those of the State in which payment is to be made.*

The husband of the defendant, both of whom were domiciled in this State, went into Connecticut and there, as authorized by her, signed her name to an accommodation note, dated and payable in Connecticut, to the order of a firm of which he was a partner. He took the note to New York, procured it to be discounted by the plaintiffs, and received the proceeds thereof.

*Held,* that as the note had no inception until it was delivered to the plaintiffs, the contract was made in the State of New York, and was governed by its laws and not by those of Connecticut, and that the defendant was liable upon the note, although she would not have been so had the contract been made in Connecticut.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action at the Washington Circuit, by the court without a jury.

*Griswold & Cornell,* for the appellant.

*Carter, Hornblower & Byrne,* for the respondents.

LEARNED, P. J.:

The defendant and her husband were domiciled in the State of New York. He went into Connecticut and there signed her name to an accommodation note, dated and payable in Connecticut to the order of a firm of which he was a partner. He was authorized by her to do so. He took the note to New York and there had it discounted by plaintiffs, and he received the money. The question is whether she is liable. The laws of Connecticut do not authorize

a married woman to contract except for the benefit of herself, her family or her separate or joint estate.

The note had no inception until it was delivered to plaintiffs. The contract was therefore made in New York. Hence we may eliminate from the case the fact that the note was written in Connecticut. That is of no more consequence than the place where the paper was manufactured. As defendant's husband was her agent to make the note, and was also one of the firm of payees, his possession of the note was not a transfer to the payees. The note remained in his possession, as her agent, until its delivery in New York to the plaintiffs. The case is the same, therefore, as if she had delivered the note in New York, either to the plaintiffs or to the payees, to be forthwith negotiated.

The question is one simply of defendant's capacity. It is not a question as to any construction of the contract, such as rate of interest, days of grace, mode of presentment, and the like. And when reduced to its simplest statement the question is whether a married woman, domiciled in New York, has capacity to make a contract in New York which is to be performed in a State where a married woman has not power to make such a contract.

We do not see how the place of performance in any way affects the capacity to contract. The law of the place of performance does not forbid her to perform, and, even if it did, that might not affect her capacity. Certainly, when the law of this State says that a married woman may make a contract, neither her privilege to contract, nor the rights of those with whom she contracts, are to be taken away by the law of another State.

These views are sustained by authority. Thus Huberus, Prælect (2 l., I. tit. 3, § 5, De Conflictu Legum: "*Proinde contractus celebrati secundum jus loci, in quo contrahuntur, ubique tam in jure quam extra judicium etiam ubi hoc modo celebrati non valerent sustinentur.*"

And again, section 12, he says: "*Qualitates personales certo loco alicui jure impressas, ubique circumferri et personam comitari. cum hoc effectu, ut ubivis locorum eo jure, quo tales personæ alibi gaudent vel subjecti sunt, fruantur et subjiciantur.*" And this he illustrates by saying that in some provinces those who are over twenty are considered to have reached majority, and that they

can alienate immovables even in those places where no one is considered to have reached his majority until he is twenty-five. This rule would, for the ends of justice, hold a married woman domiciled in this State, liable upon a contract made by her in a State by the laws of which she had not capacity to contract.

The same doctrine is laid down by STORY, J. (Conflict of Laws, § 66, *et seq.*), and by KENT, J. (2 Comm., 458), viz: That the general capacity of parties to contract depends as a general rule upon the law of the place of contract. It is true, however, that Huberus says, section 10 : " *Verum tamen non ita præcise respiciendus est locus, in quo contractus est initus, ut si partes alium in contrahendo locum respexeriut, ille non potius sit considerandus.*" But that remark does not have reference to the capacity of the parties, as the illustration shows which he gives. That is, that where residents of Frieseland marry wives in Holland and take them at once to Frieseland, the law of Frieseland governs as to community of property between husband and wife. There has been some discussion in books and authorities, whether the place of domicile or the place of contract should prevail in determining the capacity of the contracting party. See *Milliken* v. *Pratt* (125 Mass., 374) for a discussion of this matter ; where the validity of the contract was sustained on the ground that it was valid where it was made. (*Scudder* v. *Union Nat. Bk.*, 91 U. S., 406 ; Foote's Inter. Law, p. 31 ; 2 Kent's Comm., 458 ; Wharton Conf. L., § 114.) But that is a question which we need not decide. Both domicile and place of contract were in New York. We may also cite in support of the views above expressed *Bell* v. *Packard* (69 Maine, 105) ; *Hill* v. *Pine River Bank* (45 N. H., 300).

The judgment should be affirmed, with costs.

BOCKES, J., concurred.

LANDON, J. :

I concur. The defendant had the capacity to make this contract in New York, where she made it. She had the capacity to perform it in Connecticut, the place of performance. The law of the latter State, in denying to her the capacity to make the contract in that State, did not deprive her of the capacity of performing it there.

As she competently made a contract, which it was competent for her to perform, there can be no legal excuse for nonperformance.

As our courts have acquired, in this action, jurisdiction both of the person and of the subject-matter, there seems no good reason why they should not afford redress, and overrule the hypothetical and irrelevant defense, namely, that if this contract had been made in Connecticut, it could not have been enforced.

Judgment affirmed, with costs.